O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD ROSS,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC ARNOLD,[1]<br><br>    Respondent. | Case No. ED CV 14-1813 SJO (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Petition for Writ of Habeas Corpus ("SAP"), the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

    Petitioner's Objections generally reiterate the arguments made in the SAP, and lack merit for the reasons set forth in the R&R. There is one issue, however, that warrants brief discussion here.

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Eric Arnold as the proper Respondent. *See* Fed. R. Civ. P. 25(d); [*see also* Dkt. No. 30].

1

In his Objections, Petitioner argues that the trial court violated his Sixth Amendment right to a jury trial when it: (1) relied upon the same fact as an "aggravating factor" to impose the upper term sentence for involuntary manslaughter and the related firearm enhancement; and (2) "engaged in additional fact finding beyond the facts found true by the jury." (Objections at 5, 7-8.) Petitioner cites to *Cunningham v. California*, 549 U.S. 270 (2007),[2] to support his argument. (*Id.* at 5.)

Petitioner's claim does not warrant habeas relief for three reasons.

First, the California legislature amended its determinate sentencing law, Cal. Penal Code § 1170(b) ("Section 1170(b)"), to conform to the constitutional requirements of *Cunningham* well before Petitioner was sentenced in 2012. *See Butler v. Curry*, 528 F.3d 624, 652 n. 20 (9th Cir. 2008) ("Following the decision in *Cunningham*, the California legislature amended its statutes such that imposition of the lower, middle, or upper term is now discretionary and does not depend on any aggravating factors."); (*see also* Reporter's Transcript at 529-39). Indeed, under the amended Section 1170(b), "the choice of the appropriate term shall rest within the sound discretion of the court." Cal. Penal Code § 1170(b). Accordingly, Petitioner's reliance on *Cunningham*, 549 U.S. 270 (2007), is misplaced, as the trial court had the "sound discretion" to sentence Petitioner to one of the three possible terms for the crime of involuntary manslaughter and related use of a firearm. (*See* R&R at 9); *see also* Cal. Penal Code § § 193(b), 12022.5(a), 1170(b).

Second, "[h]abeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either state trial court or appellate court." *Allen v. Barnes*, 2015 WL 1999820, at *13 (E.D. Cal. Apr. 30, 2015). "So long as the type of punishment is not based upon any proscribed federal grounds

---

[2] In *Cunningham*, the Supreme Court found that "[b]ecause [California's determinate sentencing law] authorizes the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measurement against our Sixth Amendment precedent." *Cunningham*, U.S. 270, 293 (2007). The Court's suggested remedy was for California to "permit judges genuinely to exercise broad discretion [] within a statutory range," as such a modification would pass Sixth Amendment muster. *Id.* at 294 (internal citations and quotation marks omitted).

1 such as being cruel and unusual, racially or ethnically motivated, or enhanced by
2 indigency, the penalties for violations of state statutes are matters of state concern."
3 *Makal v. State of Ariz.*, 544 F.2d 1030, 1035 (9th Cir. 1976).  No such proscribed
4 grounds are present in this case.  As the R&R indicated, Petitioner's sentence was both
5 within the statutory limits and the sound discretion of the trial judge.  (*See* R&R at 8.)

6       As such, because Petitioner's claim is meritless and amendment would be futile,
7 Petitioner's motions for leave to file a third amended petition should be denied.  (*See*
8 R&R at 9.)

9
10 //
11
12 //
13
14 //
15
16 //
17
18 //
19
20 //
21
22 //
23
24 //
25
26 //
27
28 //

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Petitioner's motions for leave to file a third amended petition, [Dkt. Nos. 22, 23], are denied;

3. Judgment is entered denying the Petition and dismissing this action with prejudice; and

4. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: November 29, 2016

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE